### SPAULDING *v.* CLEGHORN.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

EJECTMENT—TITLE TO MAINTAIN.

 Plaintiff, as tenant by the curtesy, in ejectment, gave in evidence ownership by his wife of a mortgage executed by a former owner of the lands in question, whose title was not disputed, foreclosure of the same, and a conveyance of the legal title to his wife during coverture. *Held,* that ownership of the land prior to the foreclosure of the mortgage was cut off by that proceeding; and evidence that defendant, father of plaintiff's wife, furnished her with means to buy the mortgage and effect the foreclosure, paid taxes, collected rents, and exercised the usual acts of ownership, without accounting to any one, created no use or trust in his favor, and was no bar to the action.

Appeal from circuit court, Niagara county.

Action of ejectment, by Charles H. Spaulding against I. Wilson Cleghorn. Verdict for defendant by direction of court, and order of court denying motion for new trial. Plaintiff appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*E. C. Hart,* for appellant. *R. Crowley,* for respondent.

DWIGHT, J. The action was ejectment, by an alleged tenant by the curtesy, for a farm of 50 acres of land. The answer admitted marriage, issue born alive, and death of the wife, and denied all other allegations of the complaint. The evidence seems to establish the following facts: The defendant's father, James Cleghorn, was the owner of the real estate in question at the time of his death. He died in 1862, leaving several sons and daughters, and leaving a will, by which he gave his entire estate to his son, David S. Cleghorn, whom he made sole executor of his will, and who himself died in 1873 intestate. The defendant had lived with his father on the farm in question for many years before the death of the latter, and has remained in possession of the property in person, or by a tenant exercising acts of ownership, up to this time, but under what, or whether under any, claim of title is not disclosed. He has had no apparent title, or color of title, to the property at any time. In 1860 the father, James Cleghorn, executed a mortgage to the state of Connecticut for $500, which was unpaid at the time of his death. In 1874 the defendant paid the amount due on the mortgage to the mortgagees, and procured it to be assigned to his wife. In 1878 he procured it to be assigned by his wife to his daughter, who was then the wife of the plaintiff. In the following year he caused the mortgage to be foreclosed by advertisement, and on the sale bid off the property in the name of his daughter, Mrs. Spaulding. Mrs. Spaulding was married to the plaintiff about 1877. Their child was born and died within a year thereafter, and in 1879 the wife returned to her father's house on the premises in question, and lived with and was supported by him for the remainder of her life. In 1884 the defendant rented the farm for a term of three years, by a written lease executed in his own name, to one Mink, and during that term lived elsewhere, and his daughter with him, until her death, which occurred in 1886. At the end of the term, in 1887, the defendant returned to the farm, and has remained there to this time. This action was commenced in 1888. The defendant testified that his daughter never had any property except what he bought for her. The bid in the name of Mrs. Spaulding at the sale on foreclosure of the Connecticut mortgage was

$785, and within a few days of the recording of the affidavits a mortgage of $800 was executed by her to the attorney who conducted the foreclosure. That mortgage was paid, five years later, with money obtained from a savings bank on a mortgage of $900, executed by Mrs. Spaulding. The defendant has paid the interest on both of these mortgages, as well as taxes and insurance on the property. The last-mentioned mortgage has not been paid. Proceedings have been had for its foreclosure, but such has not been made.

These are all the facts proved which are at all material. They present a rather curious history of a title. The defendant, without color, or, so far as appears, claim, of title, has been permitted for nearly 30 years to use the property as his own. On the death of his father, in 1862, the title passed by devise to his brother David. On the death of David, in 1873, it descended to his heirs. Whether he had children does not appear; if not, it descended to his brothers and sisters, of whom the defendant was one. But, whoever had the title in 1880, it was cut off by the foreclosure of the Connecticut mortgage, and, by the sale in that proceeding, became vested in the plaintiff's wife. Though the defendant paid the consideration for the grant to his daughter when he procured the assignment of the mortgage to her, yet, by the statute, no use or trust resulted in his favor, but the title vested in her, subject only to a trust in favor of his creditors, if any, at that time. No question of the rights of creditors arises in this case, nor any question of fraud. So far as this record shows, the transaction was an entirely fair and open one, by which the defendant paid the consideration, and caused the grant of this property to be made to his daughter, the plaintiff's wife. Such being the case, the complete title, legal and equitable, vested in her; and, there being no adverse possession, seisin went with the title. *Adair* v. *Lott*, 3 Hill, 182. The defendant's possession was not adverse to his daughter. As we have said, so far as appears, he had no color of title, nor claimed any; and, if he did have any title or color of title, it was cut off by the foreclosure which he himself had caused to be made, and under which he bid off the property in the name of his daughter, and procured the conveyance to be made to her. After that, whatever possession he had was under his daughter's title, and not adverse thereto. There seems to be nothing in the case as presented on this appeal to contravene the theory of the action, viz., that at the time of her death the wife of the plaintiff was seised of an estate in fee in the lands in question, in which the plaintiff is, by reason of marriage and issue born alive, entitled to an estate by the curtesy. If so, it was error to deny the plaintiff's motion for the direction of a verdict in his favor. The judgment and order appealed from must be reversed, and a new trial granted. All concur.